UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:

    SHAHARA KHAN,

                      Debtor,
----------------------------------------------------X    **MEMORANDUM & ORDER**
                                                             14-MC-01674 (PKC)
DEBRA KRAMER AS TRUSTEE OF THE
ESTATE OF SHAHARA KHAN,

                        Plaintiff,

      - against -

TOZAMMEL H. MAHIA,

                       Defendant.
----------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

        On September 30, 2015, the Court adopted United States Bankruptcy Judge Elizabeth S. Stong's proposed findings of fact and conclusions of law granting partial summary judgment to Plaintiff Trustee ("Trustee") against Defendant Tozammel H. Mahia ("Defendant") on four causes of action for two constructively fraudulent conveyances of the property of debtor Shahara Khan ("Debtor"), in the amounts of $26,690.25, and $37,500.00. (Dkt. 2.) By letter motion dated October 5, 2015, the Trustee waived its remaining claims as to which summary judgment was denied. (Dkt. 4.) The Trustee now seeks a discretionary award of costs and prejudgment interest, as well as the entry of final judgment. (Dkt. 5.) Based on a consideration of the facts and circumstances of this case, as well as the arguments of the parties, the Court denies the Trustee's requests for prejudgment interest and costs. Final judgment shall be entered in this action in the

sum of $64,190.25, which includes $26,690.25 in the amount of the Sale Proceeds Transfer and $37,500.00 in the amount of the Mortgage Proceeds Transfer.

## DISCUSSION[1]

**I.  Prejudgment Interest**

Having been granted summary judgment with respect to Defendant's constructive fraudulent conveyances, the Trustee is entitled to recover the value of the fraudulent transfers, in the amount of $64,190.25.  The Trustee now seeks to recover prejudgment interest accruing from the date of the fraudulent transfer at the New York judgment rate of nine percent per annum, amounting to a prejudgment interest award of $45,029.89.[2]  (Dkt. 5 ¶¶ 1, 14.)[3]

"Under recent Second Circuit case law, plaintiffs in a fraudulent conveyance action are not necessarily entitled to the statutory interest rate as a matter of right," but "interest may . . . still be awarded in the district court's discretion." *Lyman Commerce Sols., Inc. v. Lung*, 12 CIV. 4398, 2015 WL 4545089, at *4 (S.D.N.Y. July 16, 2015) (internal citations omitted); *In re Palermo*, 739 F.3d 99, 106 (2d Cir. 2014) ("whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion") (citation and

---

[1] The Court assumes familiarity with the prior decisions in this action and only recites those facts relevant to the resolution of the instant requests.

[2] Defendant's contention that the Trustee waived its right to seek prejudgment interest by failing to request it in its pleadings is meritless. (Dkt. 7 at 7.)  "The Second Circuit has clearly established that the prevailing party's failure to request interest in its pleadings does not constitute waiver of the right to prejudgment interest." *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 291 (S.D.N.Y. 2002) (collecting cases).

[3] The Trustee also offered alternative interest rates keyed to the Prime Rate (8.25%, resulting in an interest award of $41,277.40), and the Federal Judgment Rate (4.98%, resulting in an interest award of $24,916.51). (*Id.* ¶¶ 1, 12−13.)  Because the Court declines to award Plaintiff prejudgment interest, it does not address which rate is appropriate under these circumstances.

internal quotation omitted); *In re All Am. Petroleum Corp.*, 259 B.R. 6, 21 (Bankr. E.D.N.Y. 2001) (describing award of prejudgment interest as "purely discretionary"). In exercising discretion whether to award prejudgment interest, the Court considers the following factors: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Wickham Contracting Co., Inc. v. Local Union No. 3, Int'l Bd. of Elec. Workers, AFL–CIO*, 955 F.2d 831, 833–34 (2d Cir. 1992) (collecting cases); *In re 1031 Tax Grp.*, 439 B.R. 84, 87 (Bankr. S.D.N.Y. 2010) (applying factors to request for prejudgment interest in bankruptcy case).

The Trustee asserts two main arguments in favor of prejudgment interest, neither of which the Court finds persuasive. First, the Trustee contends that a prejudgment interest award is necessary to compensate the Trustee "as a fiduciary for [Khan's] creditors, for the lost value of the loss of the fraudulently conveyed assets." (Dkt. 5 ¶ 3.)[4] This position is supported by case law and indeed, "full compensation to the estate for the avoided transfer *normally* requires prejudgment interest to compensate for the value over time of the amount recovered." *In re Cassandra Grp.*, 338 B.R. 583, 599 (Bankr. S.D.N.Y. 2006) (emphasis added) (upon finding that transfer should be avoided as an intentional fraudulent conveyance, awarding prejudgment interest "[t]o fully and fairly compensate [debtor's] creditors for their loss—not only of $300,000 that was fraudulently conveyed to the [d]efendants, but of the use of that money since the date of the demand").

---

[4] The Trustee also notes that the creditors—all of which are credit card companies—would have re-lent the fraudulently transferred funds. (Dkt. 5 ¶ 11.) The Court is unpersuaded that full compensation to the *estate* includes consideration of any profits lost by *creditors* from re-lending the fraudulently conveyed funds, especially given the small amount of money involved here.

3

However, as discussed further below, countervailing factors weigh against the Court granting prejudgment interest for this reason alone.

Second, the Trustee argues that prejudgment interest should be awarded based on the "long and tortured history" of the case and Defendant's "scorched earth tactics," including "frivolous motion practice," that caused "burden on the administration of this bankruptcy case" and "delayed a distribution to [Khan's] creditors for years." (Dkt. 5 ¶¶ 2−3.) There is no doubt that Defendant's counsel has engaged in obstructive litigation tactics—including the assertion of counterclaims that lacked a colorable basis—which resulted in the imposition of sanctions on defense counsel. *See In re Khan*, 488 B.R. 515 (Bankr. E.D.N.Y. 2013), *aff'd Dahiya v. Kramer*, No. 13-CV-3079 DLI, 2014 WL 1278131 (E.D.N.Y. Mar. 27, 2014), *aff'd In re Khan*, 593 F. App'x 83 (2d Cir. 2015). In fact, this Court's September 30, 2015 Order noted that Defendant counsel's repetition of frivolous arguments in his objections to the Bankruptcy Judge's proposed findings of fact and conclusions of law invited additional sanctions. (Dkt. 2 at 17 n.5.) However, as the Trustee acknowledges, the purpose of prejudgment interest is not to punish, but to ensure that the wronged party is fully compensated. (Dkt. 5 ¶ 3.) Thus, it does not follow that *Mahia* should be charged prejudgment interest because of his *counsel's* litigation strategy, vexatious as it was.

Indeed, the facts of this case distinguish it from others in which courts have awarded prejudgment interest. In particular, this is not a case in which the Bankruptcy Court found that the Creditor made fraudulent conveyances with actual intent to hinder, delay, or defraud her creditors. *In re Khan*, 10-46901, 2014 WL 4956676, at *21, *36 (Bankr. E.D.N.Y. Sept. 30, 2014). *Cf. In re Cassandra Grp.*, 338 B.R. 583, 598 (Bankr. S.D.N.Y. 2006) (awarding prejudgment interest after finding that transfer was made with intentional fraudulent intent). It is also not a case involving constructive fraudulent transfers between sophisticated parties involving substantial

4

funds. *Cf. In re CNB Int'l, Inc.*, 440 B.R. 31, 44−46 (W.D.N.Y. 2010); *In re 1031*, 439 B.R. at 87; *In re All Am.*, 259 B.R. at 21. Nor is there any indication that Defendant has wrongfully retained or secreted away the transferred funds. *Cf. In re Harvard Knitwear, Inc.*, 193 B.R. 389, 399 (Bankr. E.D.N.Y. 1996). Rather, this action involved "two allegedly fraudulent conveyances of funds made by [a mother] to her son," *In re Khan*, 10-46901, 2014 WL 10474969, at *64 (E.D.N.Y. Dec. 24, 2014), without any facts suggesting "actual intent to hinder, delay, or defraud creditors," *id.* at *25, but instead suggesting a misguided attempt to transfer the debtor's funds to her children so that they could take over the day-to-day care of their mother.

In short, the facts of this case do not resemble those situations where courts have used their discretionary power to award prejudgment interest. Here, the Trustee has offered no justification for awarding prejudgment interest beyond punishing Defendant for his attorney's vexatious litigation strategy. Thus, the Trustee's request for prejudgment interest is denied.

**II.    Costs**

The Trustee also seeks costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 7054(b) of the Federal Rules of Bankruptcy Procedure. In support of its request, the Trustee submitted a bill of costs in the amount of $870.18 that it incurred to file this adversary action, and to depose Mahia. (Dkts. 5 ¶ 15; 5−1 at 3.) Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should* be allowed to the prevailing party." Fed. R. Civ. P. 54 (emphasis added). Contrary to the Trustee's assertion, however, the Bankruptcy Rules do not incorporate the Federal Rule of Civil Procedure 54(d). *In re Parikh*, 508 B.R. 572, 598 (Bankr. E.D.N.Y. 2014) ("the Bankruptcy Rules do not incorporated Fed. R. Civ. P 54(d) into bankruptcy proceedings"). Instead, Bankruptcy Rule 7054(b), which governs adversary proceedings, provides that "a court *may* allow costs to the prevailing party except when a statute of the United States or

these rules otherwise provides." Fed. R. Bankr. P. 7054 (emphasis added). An award of costs thus is discretionary under the Bankruptcy Rule. *See In re Parikh*, 508 B.R. at 599 ("A prevailing party is not necessarily entitled to cost-shifting in bankruptcy. . . . Absent some more specific cost-shifting statute relevant to these proceeding[s] which require the Court to shift costs, the Court will not do so.")[5]

Again, the Trustee's bare-bones application does not offer any justification for the imposition of costs, and states only that it seeks a modest amount and has not sought reimbursement for all amounts paid for obtaining transcripts and motion practice and appeals. (Dkt. 5 ¶ 15.) The Trustee's application is also devoid of any case law to support the proposition that filing fees and deposition expenses are recoverable as costs for obtaining summary judgment on a claim for a constructive fraudulent conveyance.[6] Absent any articulation of factors favoring costs or citation to applicable case law, and in light of the equities previously discussed, the Court declines to exercise its discretion to award costs to the Trustee.

## III. Final Judgment

Following this Court's order partially granting summary judgment, the Trustee submitted a letter dated October 5, 2015 waiving all claims for which it did not prevail. (Dkt. 4.) Citing to Federal Rule of Civil Procedure 41, Mahia objects that, because he has answered, the Trustee was

---

[5] Unlike Local Rule 11 for the Eastern District of New York, this provision does not prohibit taxation of costs if an appeal is pending. *In re Dubrowsky*, 206 B.R. 30, 40 (Bankr. E.D.N.Y. 1997), *aff'd,* 244 B.R. 560 (E.D.N.Y. 2000).

[6] Another consideration weighing against reimbursement of costs is that under New York law, an award of attorney's fees and related disbursements are not permitted when summary judgment is granted on the basis of constructive, versus actual, fraud. *See In re Stephen Douglas*, Ltd., 174 B.R. 16, 22 (Bankr. E.D.N.Y. 1994). Compare N.Y. Debt. & Cred. Law § 276-a (permitting attorney's fees when fraudulent conveyance was made with actual intent) with *id*. § 273 (no provision for attorney's fees in cases of constructive fraudulent conveyance).

required to move for voluntary dismissal and obtain court approval in order to waive such claims. (Dkt. 7 at 3.) Mahia's objection is misguided. Rule 41 expressly refers to the voluntary dismissal of *actions*, not the waiver of claims within a suit. It goes without saying that no court order or opposing party consent is required for a plaintiff to voluntarily waive or abandon a cause of action at any point in the proceedings.[7] Accordingly, because the Trustee has withdrawn any remaining claims, a final judgment is warranted.

**DISCUSSION**

Accordingly, for the reasons set forth above and in the Court's September 30, 2015 Memorandum and Order, the Trustee's motion for prejudgment interest and costs is DENIED. The Clerk of Court is respectfully requested to enter judgment consistent with the Court's September 30, 2015 Memorandum and Order in the sum of $64,190.25, which includes $26,690.25 in the amount of the Sale Proceeds Transfer and $37,500.00 in the amount of the Mortgage Proceeds Transfer.

---

[7] In any event, Rule 41(a)(2), which applies here because an answer has been filed, provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Mahia suggests that the waiver of the Trustee's claims bespeaks bad faith on the part of the trustee in having asserted them in the first place. (Dkt. 7 at 4.) But notably, the Court did not grant Mahia's earlier motion for summary judgment, but instead found there were material questions of fact. Thus, there has been no finding—and the Court finds no basis now for a finding—that the Trustee's claims were meritless or, as Mahia asserts, frivolous.